Cammille SORRELL, Plaintiff–Appellant,

v.

ILLINOIS ENVIRONMENTAL PROTECTION AGENCY, Defendant–Appellee.

No. 03–2783.

United States Court of Appeals, Seventh Circuit.

Submitted July 20, 2004.*

Decided July 20, 2004.

Cammille Sorrell, Springfield, IL, Plaintiff–Appellant Pro Se.

Karen J. Dimond, Office of the Attorney General, Civil Appeals Division, Chicago, IL, for Defendant–Appellee.

Before BAUER, POSNER, and RIPPLE, Circuit Judges.

## ORDER

Almost immediately after starting her job as a paralegal with the Illinois Environmental Protection Agency, Cammille Sorrell alleges that she was subjected to sexually suggestive comments and held to higher performance standards than others because she is an African–American woman. After exhausting her administrative remedies, she sued alleging racial and sexual discrimination in violation of Title VII of the Civil Rights Act of 1964. *See* 42 U.S.C. § 2000e *et seq.* The district court granted summary judgment to the IEPA, concluding that Sorrell could not establish disparate treatment because she had no evidence of an adverse employment action, and could not establish harassment because she had no evidence that the conduct she alleged was severe or pervasive. We affirm.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Sorrell began working as a paralegal for the IEPA in January 2001. According to Sorrell, within weeks of her arrival, her supervisor, John Waligore, made two suggestive remarks to her: that "sneezing is the closest bodily sensation to an orgasm," and that she did not act "feminine." (Am. Compl.¶ 6.) She also contends that he had hanging in his office a picture of an obese woman wearing tight pants, which Sorrell found to be sexually offensive.

On August 1, she filed a Discrimination Complaint within the IEPA and requested a transfer, but the IEPA found her allegations of harassment unsupported by the evidence. Then she filed a charge of discrimination with the EEOC. In it, she asserted racial and sexual harassment based upon Wilgore's comments and the picture in his office. She also asserted disparate treatment based upon her race and sex due to the IEPA's "total exclusion of Black men from my work environment while hiring Black women." (R.49, Ex. A.) She apparently believes that the disparate treatment resulting from the IEPA's alleged hiring practice is that white women are allowed to work in an environment with white men, but black women are not allowed to work with black men. A few days after filing her charge, the EEOC dismissed it and issued a right-to-sue letter.

Sorrell then filed suit in district court alleging both disparate treatment and harassment based upon her race and sex. She alleged that the IEPA treated her differently not only by failing to hire black men, but also by assigning her more work than other paralegals and by subjecting her to "a higher degree of scrutiny," allegations not in her EEOC charge. (Am. Compl.¶ 35–40.) As for her allegations of harassment, she also expanded upon the conduct detailed in her EEOC charge (sexually offensive comments and an offensive picture), adding that Waligore engaged in "crotch scratching," and that a female co-worker cursed in her presence (the co-worker said that she was "sweating her ass off"). (*Id.* ¶¶ 7, 13.)

Both parties moved for summary judgment—the district court granted the IEPA's motion and denied Sorrell's. The court concluded that Sorrell had not established a *prima facie* case of disparate treatment because she admitted that she had not lost pay, been fired or demoted, or been transferred to a less desirable position—in short, she offered no evidence that she suffered an adverse employment action. (Dist. Ct. Order at 17.) As for her allegations of harassment, the court held that the conduct and comments she complained about were not so severe or pervasive (they were spread over eight months) that they "altered the conditions of her employment and/or created an abusive working environment." (*Id.* at 23.)

Sorrell first challenges the grant of summary judgment to the IEPA on her harassment claim, arguing that it should be reversed because the district court offered no "reasoning" for its conclusion that the conduct she alleged did not create a hostile work environment. (Sorrell Br. at 21.) We disagree with Sorrell's contention that the district court's decision was unreasoned. As the court explained, Sorrell could prevail only if she showed that she was subjected to harassment so severe or pervasive that it altered the conditions of her employment, making it hellish. *See Williams v. Waste Mgt. of Ill.,* 361 F.3d 1021, 1029 (7th Cir.2004); *Wyninger v. New Venture Gear, Inc.,* 361 F.3d 965, 975–77 (7th Cir.2004). The court then noted that Sorrell had denied that any severe incidents had occurred, and that the handful of non-severe incidents she described took place over eight months. Because these incidents were sporadic, isolated, and

appear unrelated, the district court properly reasoned that Sorrell failed to show that her workplace was hellish. *See Wyninger,* 361 F.3d at 977.

As for her disparate treatment claim, Sorrell has abandoned it. In order to pursue a claim of discrimination, a plaintiff must first present it to the EEOC. *Ajayi v. Aramark Bus. Servs., Inc.,* 336 F.3d 520, 529–30 (7th Cir.2003). The only disparate treatment Sorrell alleged in her EEOC charge, and therefore the only allegation she can pursue now, is that the IEPA hired black women, not black men. But in her brief Sorrell never discusses the allegation and therefore has forfeited her claim. *Luellen v. City of East Chicago,* 350 F.3d 604, 612 n. 4 (7th Cir.2003). The disparate treatment she does focus on— that she received poor training, work assignments, and performance reviews—are all outside the scope of her EEOC charge. *Ajayi,* 336 F.3d at 529–30.

Accordingly, we AFFIRM the judgment of the district court.